Judge Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>HAO QUANG TRAN,<br><br>          Defendant. | NO.   CR06-296 JCC<br><br>ORDER FOR TRIAL CONTINUANCE |

This matter having come before the undersigned Court by an unopposed motion of counsel (Dkt. No. 185), the United States through the United States Attorney for the Western District of Washington, Susan M. Roe, Assistant United States Attorney for said district, the Court being fully advised in the matter, now finds that

The trial was scheduled for February 5, 2007. The defendant previously has waived his speedy trial rights until February 28, 2007 (Dkt. No. 146), which is beyond the new trial date of February 26, 2007. The motion is made because the parties had serious settlement discussions, including a settlement conference which resulted in a plea agreement. The defendant decided to exercise his right to trial at the time of the scheduled plea which was late on February 1, 2007. Counsel have been diligent in addressing this matter but the failed plea combined with the unavoidable absence of at least one of the government's necessary witnesses render a February 5, 2007, trial date unfeasible. The Court finds that exclusion of additional time as to Defendant Tran under

ORDER/TRAN ET AL - 1
CR06-296JCC

1  18 U.S.C. § 3161(h)(8)(B)(iv) is appropriate, taking into account the exercise of due
2  diligence.
3       The Court is aware that time limitations for trial and speedy trial concerns are set
4  forth in Title 18, United States Code, Section 3161.
5       Section 3161(h) outlines the periods of excludable time, including:

> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

       In this matter, the Court finds that further time is reasonable and necessary and is with the speedy trial time period. The Court further finds that the ends of justice served by taking such action outweigh the best interest of the public and Defendant Tran in a speedy trial, within the meaning of 18 U.S.C. § 3161(h)(8)(A). The proposed continuance of Defendant Tran's trial does not appear to prejudice any party. This case has few civilians witnesses and no known victims, therefore the rights of victims to a speedy trial are not in effect. Therefore, the trial date is continued from February 5, 2007 until February 26, 2007. The time between the date of this Order and the new trial date shall be excludable time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and 3161(h)(8)(B)(iv) as to Defendant Tran.

       Dated this 2nd day of February, 2007.

John C. Coughenour
United States District Judge