UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HAO QUANG TRAN,<br><br>    Defendant. | CASE NO. CR06-296JCC<br><br>ORDER |

    This matter comes before the Court on Defendant's Motion for a New Trial (Dkt. No. 228) and the Government's Opposition thereto (Dkt. No. 229). The Court, having considered the arguments of the parties and finding oral argument unnecessary, hereby finds and rules as follows.

**I.   BACKGROUND**

    A jury trial was held on February 26 and 27, 2007. Defendant was found guilty on three counts: Conspiracy to Possess 100 kilograms or more of marijuana with intent to distribute, Possession of less than 100 kilograms of marijuana with intent to distribute, and Possession of marijuana with intent to distribute. (Jury Verdict Form (Dkt. No. 225).) Upon the jury's notification of the Court that a verdict had been reached, the verdict was read in open court, after which the Court inquired whether any party wished to have the jury polled. Defendant answered in the affirmative, and the following exchange took

ORDER – 1

place between the Court and the jurors:

> THE COURT: All right. Ladies and gentlemen, I'm going to ask each of you two questions. The first question will be, Is this your individual jury verdict. The answer to that question will be yes if you voted for the verdict as read in all respects by the Court; no if not. The next question will be, Is this your individual verdict. The answer to that will be yes if it is your individual verdict; no if not. Juror No. 1, is this your individual verdict?
> THE JUROR: Yes, it is.
> THE COURT: Is it the verdict of the jury?
> THE JUROR: Yes.
> . . . .
> [Juror Nos. 2 through 5 then answered "yes" to both questions.]
> . . . .
> THE COURT: Juror No. 6, is this your individual verdict?
> THE JUROR: No.
> THE COURT: I beg your pardon?
> THE JUROR: No.
> THE COURT: Well, I can't accept the verdict then if you did not vote for this verdict as I read it.
> THE JUROR: Almost all of it, yeah.
> THE COURT: Well, you either voted for it—
> THE JUROR: Yes.
> THE COURT: Let me ask the question again. Is this your individual verdict?
> THE JUROR: Yes.
> THE COURT: Is it the verdict of the jury?
> THE JUROR: Yes.
> THE COURT: Is there any question in your mind about that?
> THE JUROR: No.
> THE COURT: Why did you respond no earlier?
> THE JUROR: There was a question about the amount, but I decided that I agreed on it at the very end. So yes. I was just confused.
> THE COURT: So is this your individual verdict?
> THE JUROR: Yes.
> THE COURT: Is it the verdict of the jury?
> THE JUROR: Yes.
> . . . .
> [Juror Nos. 7 through 12 then answered "yes" to both questions.]
> . . . .
> THE COURT: I'm going to ask you folks to return to the jury room and wait for a moment, if you will, please.
> [Jury Exits.]

(Transcript of February 27, 2007 Proceedings (Dkt. No. 237).) After a short discussion with counsel on the record, the Court accepted the verdict and had it filed. Defendant now moves for a new trial, arguing that the Court's colloquy with Juror No. 6 was improper and that because the Court did not either send the jury back for more deliberations or declare a mistrial, the Court erred and Defendant is entitled to a

ORDER – 2

new trial.

## II.   ANALYSIS

Federal Rule of Criminal Procedure 31(d) provides:

> After a verdict is returned but before the jury is discharged, the court must on a party's request, or may on its own, poll the jurors individually. If the poll reveals a lack of unanimity, the court may direct the jury to deliberate further or may declare a mistrial and discharge the jury.

FED. R. CRIM. P. 31(d). The question before the Court is whether the jury poll in this case revealed a "lack of unanimity" and whether the undersigned was required to send the jury back for more deliberations or declare a mistrial.

Defendant relies on *United States v. Nelson*, 692 F.2d 83 (9th Cir. 1982), a case in which the Ninth Circuit reversed a conviction following a juror's expression that she disagreed with the verdict on three of thirteen counts. *Nelson* differs from the instant case significantly, however. In *Nelson*, the juror who expressed disagreement with the jury verdict never changed her position of disagreement; yet the trial court accepted the verdict. Here, however, the juror who initially answered "no" in the jury poll then explained that she had a question about an element during deliberations, but decided that she "agreed on it at the very end."

Nevertheless, Defendant points out language from *Nelson* regarding colloquies with jurors that merits comment. Citing a Fifth Circuit case, *United States v. Edwards*, 469 F.2d 1362 (5th Cir. 1972), the Ninth Circuit noted that the

> very act of questioning a dissenting juror exerts pressure on that juror to abandon his own view and conform his vote to the verdict as announced. Thus, "forcing a doubtful juror to state his verdict in the presence of the court, without further deliberation with other jurors, amounts to coercion and denies a defendant due process."

*Nelson*, 692 F.2d at 85 (quoting *Edwards*, 469 F.2d at 1367). Notably, however, in *Edwards*, upon which the Ninth Circuit relied for this proposition, the Fifth Circuit first found it problematic that the trial court in that case did *not* inquire into the meaning of the "crucial phrase" expressing a juror's doubt. *Edwards*, 469 F.2d at 1367. *Edwards* therefore suggests that clarification is important despite its

ORDER – 3

ultimate holding that questioning a juror is generally impermissibly coercive. Moreover, as in *Nelson* and in contrast to the instant case, the doubtful juror in *Edwards* never changed her initial equivocal response. Thus, while the *Edwards* court ultimately rested its holding on the problem of questioning the juror, these distinctions are significant, particularly in light of the *Edwards* court's reliance on another Fifth Circuit case, *United States v. Sexton*, 456 F.2d 961 (5th Cir. 1972). In *Sexton*, a juror who had not previously voted *at all* was required to cast a vote in open court. Critical to the *Sexton* court's reversal of that conviction was the problem the court found in depriving the juror of deliberation with other jurors *before* voting. 456 F.2d at 964. The *Sexton* situation is quite different from the case at hand, where Juror No. 6 indicated that her question arose and then was resolved in the jury room.

      The Court finds that Juror No. 6's equivocation related to her deliberative process, rather than to the final verdict. For that reason, the instant case is distinguishable from *Nelson*, *Edwards*, and *Sexton* and is instead more like cases in which trial judges engaged in colloquies with jurors which revealed that doubts that initially seemed to go to the verdict itself actually were doubts raised during deliberations that were then resolved before delivery of the verdict. *See United States v. Luciano*, 734 F.2d 68, 70–71 (1st Cir. 1984) (affirming conviction because no lingering doubts remained once juror clarified that her doubts had been raised and resolved in the jury room); *United States v. Smith*, 562 F.2d 619, 621–22 (10th Cir. 1977) (affirming conviction after a juror volunteered a comment about the deliberation process and that other jurors influenced her decision and finding that jurors may not so impeach a verdict by testifying about deliberations); *United States v. Duke*, 527 F.2d 386, 393–94 (5th Cir. 1976) (affirming conviction because, following an initial "no" answer from a juror, the trial judge engaged in permissible clarification when addressing the juror as follows: "I understand the answer of the juror to indicate that at some stages in the proceedings she had a different opinion and may have voted differently. Now I will ask you. Was the verdict at the time of the final vote, final deliberation, the final verdict; was it your verdict and did you concur in it?" A: "Yes." The Court: "Do you now concur in it?" A: "Yes." The Court: "All right."). This Court finds that clarification was warranted in the situation faced in the instant case and that such

ORDER – 4

clarification should not be confused with coercion. Juror No. 6 ultimately affirmed that she had no doubt that the verdict was hers despite questions she had in the jury room.

Finally, the Court notes that *United States v. McClintock*, 748 F.2d 1278 (9th Cir. 1984), is the Ninth Circuit case most analogous to the instant case because it also involved an arguably equivocal juror response that nevertheless was aligned with the ultimate verdict. In *McClintock*, a juror asked the clerk to repeat the poll question, then asked for permission not to speak or answer the question, then after a long pause, she said she agreed. *Id.* at 1292–93. The trial judge evaluated the situation, declined to order further deliberations, and accepted the verdict. The Ninth Circuit noted that the trial judge's "appraisal of the circumstances" was pivotal to its decision to affirm the conviction. *Id.* at 1293; *see also Jackson v. United States*, 386 F.2d 641 (D.C. Cir. 1967) (affirming conviction and relying on trial judge's assessment of equivocation by a juror in a jury poll and subsequent acceptance of the verdict without ordering further deliberations). It is the undersigned's assessment that, in the instant case, Juror No. 6's initial equivocation was an expression about her own deliberative process, but that her ultimate agreement in the verdict was firmly conveyed such that there was no ultimate "lack of unanimity" requiring further deliberations or a mistrial pursuant to Rule 31(d). Accordingly, no new trial is warranted.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for a New Trial is DENIED.

SO ORDERED this 3rd day of May, 2007.

John C. Coughenour
United States District Judge

ORDER – 5